IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re:<br><br>Clint D. Hackney and<br>Melissa J. Hackney,<br><br>                         Debtor. | Case No. 17-62369 (RK)<br><br>Chapter 7<br><br>Chief Judge Russ Kendig |

**MOTION OF UNITED STATES TRUSTEE PURSUANT
TO 11 U.S.C. §§ 105 AND 329 FOR ENTRY OF AN ORDER REQUIRING
ATTORNEY AARON KIMBRELL TO APPEAR AND PROVIDE
(I) AN EXPLANATION REGARDING HIS FAILURE TO RESPOND TO UNITED
STATES TRUSTEE'S INFORMATION REQUEST; (II) A FULL ACCOUNTING OF
ALL FEES PAID AND SERVICES RENDERED BY HIM; AND (III) SHOW CAUSE
<u>REGARDING DISGORGEMENT OF LEGAL FEES</u>**

Daniel M. McDermott, United States Trustee for Region 9 ("<u>United States Trustee</u>"), respectfully moves (the "<u>Motion</u>") this Court for entry of an order pursuant to sections 105 and 329 requiring Attorney Aaron Kimbrell ("<u>Attorney Kimbrell</u>") to appear and provide an explanation to the Court regarding (i) his failure to respond to United States Trustee's Information Request (defined below); (ii) a full accounting of all fees paid and services rendered by him; and (iii) a show cause why the Legal Fees (defined below) paid to him by Clint D. Hackney and Melissa J. Hackney (the "<u>Debtors</u>") should not be disgorged. In support of the Motion, the United States Trustee offers the following:

**Jurisdiction and Venue**

1. The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and (b); 28 U.S.C. §§ 157(a) and (b); and 28 U.S.C. § 151, and General Order No. 2012 entered on April 4, 2012 by the United States District Court. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A) and (J).

2. The United States Trustee has standing to file this Motion pursuant to 11 U.S.C. §§ 105 and 329 and 28 U.S.C. § 586(a)(3).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

**Relevant Factual Background**

4. On October 26, 2017 (the "Petition Date"), Debtors filed a voluntary joint petition for relief under chapter 7 of the Bankruptcy Code. See Docket No. 1.

5. On the Petition Date, the Debtors filed their Statement of Current Monthly Income, Means Test Calculation (the "Means Test"), schedules the ("Schedules") and statement of financial affairs (the "SOFA"). See Docket No. 1. On November 28, 2017, the Debtors filed their *Affidavit of Special Circumstances Rebutting the Presumption of Abuse* (the "Special Circumstances Affidavit") wherein they allege special circumstances to rebut the presumption of abuse that arose on their Means Test. See Docket No. 22.

6. The initial 341 meeting of creditors for the chapter 7 case was held on December 14, 2017.

7. According to the Debtors' SOFA, between September 6, 2017 and October 13, 2017, they paid the Jaafar Law Group PLLC a total of $800 for attorney fees and reimbursement for due diligence. See Docket No. 1, p. 39.

8. According to the *Disclosure of Compensation of Attorney for Debtor(s)* (hereinafter, the "Disclosure of Compensation"), Attorney Kimbrell received $752 (the "Legal Fees") from the Debtors for the legal services he provided to them in connection with the above-captioned case. See Docket No. 1, pp. 62 – 63.

9. The Disclosure of Compensation also provides that the Debtors' payment of the Legal Fee to Attorney Kimbrell includes the following legal services for all aspects of the Debtors' bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy ;

    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;

    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;

    d. [Other provisions as needed]

Id.

10. The Disclosure of Compensation also provides that the Debtors' payment of the Legal Fees does not include the following legal services:

**Fee does not include representation in any motions whatsoever including, but not limited to, motions to reopen cases, automatic stay motions, motions for turnover, and any other type of motion. It also does not include representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceedings, or attendance of 2004 exams.**

**This fee does NOT include any out of pocket expenses that were paid on behalf of Debtor(s).**

**It also does not represent any credit reports, or credit counseling certificates.**

**This fee also does NOT include any work relative to reaffirmation or lease assumption agreements; Debtor will pay an extra $150 after the case is filed for any such agreements that they want us to review and fill out for them, and then mail out to the creditor.**

**Also not included in this fee is the Firm's effort to retrieve any monies that may have been garnished from the debtor. For that, the law firm charges a contingency fee of 50-100% of whatever funds are retrieved, based on the written agreement made between Debtor and our firm. In return, Firm agrees to make whatever effort necessary to retrieve those funds including,**

3

17-62369-rk    Doc 34    FILED 01/26/18    ENTERED 01/26/18 11:09:35    Page 3 of 8

> **but not limited to, contacting creditor, sending demand letter, and filing an adversary proceeding against the creditor if they delay return of such funds.**
>
> **The firm also charges an additional $ 150.00 per adjourned 341 hearing.**

See, Docket No. 1, pp. 62 – 63.

11. On December 27, 2017, the United States Trustee requested additional documentation to substantiate information contained on the Debtors' Schedules, the Special Circumstances Affidavit and the SOFA (the "Information Request") via an e-mail to Attorney Kimbrell. The United States Trustee requested a response by January 10, 2018. As of the date of this Motion, the United States Trustee has not received a response from Attorney Kimbrell.

12. On January 10, 2018, after not receiving a response to the Information Request, the United States Trustee sent a follow-up request to Attorney Kimbrell requesting the same information and including a modified response deadline of January 25, 2018. As of the date of this Motion, the United States Trustee has not received a response from Attorney Kimbrell.

13. Notwithstanding what is included in the Disclosure of Compensation, the United States Trustee asserts that responding to inquiries from him is a legal service that Attorney Kimbrell is obligated to provide to the Debtors, and has not provided.

14. In part, as a result of Attorney Kimbrell's failure to respond to the United States Trustee's Information Request, the United States Trustee filed the *Motion of United States Trustee for Entry of an Order Pursuant to 11 U.S.C. §§ 707(b)(1), 707(b)(2) and 707(b)(3) Dismissing Debtors' Bankruptcy Case for Abuse* (Docket No. 32) (the "Motion to Dismiss"). The Motion to Dismiss is based on the information contained on the Debtors' Petition, Schedules and Means Test.

## Relief Requested

15. Section 329(b) of the Bankruptcy Code authorizes this Court to review compensation received by debtors' counsel. Rittenhouse v. Eisen, 404 F. 3d 395, 397 (6th Cir. 2005) (Section 329 requires the court to examine the reasonableness of fees), cert. denied, 126 S. Ct. 378, 163 L. Ed. 2d 165 (2005). Under this section, the Court may order fees returned to the entity who paid the fees if the compensation received by counsel "exceeds the reasonable value" of the services. One of the purposes of this Section 329 is to protect the debtor against attorneys who charge unreasonable fees. In re Kisseberth, 273 F. 3d 714, 721 (6th Cir. 2001); In re Pair, 77 B.R. 976, 980 (Bankr. N.D. Ga. 1987).

16. When the services of counsel are of limited value to a debtor, it is appropriate for the Court to disallow part or all of counsel's fees. In re Richardson, 14 BR 755 (Bankr. E.D. Pa. 1981), In re Hepburn, 84 BR 855 (Bankr. S.D. Fla. 1988), In re Dalton, 95 BR 857 (Bankr. M.D. Ga. 1989), In re Mellard, 117 BR 716 (Bankr. M.D. Fla. 1990), In re Bell, 212 BR 654 (Bankr. E.D. Cal. 1997).

17. In matters involving challenges to attorney fees under 11 U.S.C. § 329, the burden of proof rests with the attorney to establish that his fees are reasonable. See In re Geraci, 138 F. 3d 314, 318 (7th Cir. 1998). In examining compensation, the Court may evaluate whether a debtor has received the quality of services for which he bargained:

> Clients come to attorneys for a service. Where the service is not provided, or provided poorly, they should not be required to pay for the service, regardless of the validity of the excuse offered.

In re LaFrance, 311 B.R. 1, 25 (Bankr. D. Mass. 2004), cf., In re Koliba, 338 B.R. 48 (Bankr. N.D. Ohio 2006) (Disgorgement request denied where counsel acted in good faith).

5

18. The United States Trustee avers that the compensation paid to Attorney Kimbrell exceeds the reasonable value of his services based on his failure to respond to the United States Trustee's Information Request. The consequences of Attorney Kimbrell's failure to respond are significant, including, placing the Debtors in a position to defend against the Motion to Dismiss without his assistance. If Attorney Kimbrell had responded to the United States Trustee's Information Request and provided documentation to substantiate the change in the Debtors' income, the Motion to Dismiss may not have been filed.

19. It is important to note that, according to the Disclosure of Compensation, the Legal Fees paid by the Debtors to Attorney Kimbrell do not include legal representation in connection with the Motion to Dismiss. See Docket No. 1, pp. 62 – 63.

20. As a result of the foregoing, a full review of the services rendered to the Debtors by Attorney Kimbrell is warranted along with an accounting of all fees paid by the Debtor in connection with their bankruptcy filing. Such review and accounting will allow the Court to consider whether the services rendered warrants disgorgement.

21. Further to remedy the harm to the Debtors, Attorney Kimbrell should be required to appear and provide (i) an explanation to the Court regarding his failure to respond to United States Trustee's information request; and (ii) a full accounting of all fees paid and services rendered him; and (iii) show cause why Legal Fees paid to him by the Debtors should not be disgorged.

[Remainder of page intentionally left blank.]

**WHEREFORE,** the United States Trustee respectfully requests that the Court directing Attorney Kimbrell to appear and provide an explanation to the Court regarding (i) an explanation to the Court regarding his failure to respond to United States Trustee's information request; and (ii) a full accounting of all fees paid and services rendered him; (iii) show cause why Legal Fees paid to him by the Debtors should not be disgorged; and (iv) for such further relief as the Court may deem appropriate.

Dated: January 26, 2018  Respectfully submitted,

**DANIEL M. MCDERMOTT**
**UNITED STATES TRUSTEE, REGION 9**

By: */s/ Tiiara N. A. Patton* .
Tiiara N. A. Patton (0081912)
Trial Attorney
United States Department of Justice
Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue E, Suite 441
Cleveland, Ohio 44114
Phone: (216) 522-7800 ext. 250
Fax: (216) 522-7193
Email: tiiara.patton@usdoj.gov

## Certificate of Service

    I hereby certify that on January 26, 2018, a true and correct copy of ***Motion of United States Trustee Pursuant to 11 U.S.C. §§ 105 and 329 for Entry of an Order Requiring Attorney Aaron Kimbrell to Appear and Provide an Explanation to the Court Regarding (I) His Failure to Respond to United States Trustee's Information Request; (II) a Full Accounting of All Fees Paid and Services Rendered by Him; and (III) Show Cause Regarding Disgorgement of Legal Fees*** was served upon the following in the manner indicated:

Via the Court's Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- Alison Anne Gill  alison.gill@ohiolaws.com, sara.weaver@ohiolaws.com
- Cynthia A. Jeffrey  bknotice@reimerlaw.com
- Aaron T. Kimbrell  akimbrell@fairmaxlaw.com, aaron@kimbrell-law.com,paralegal1@fairmaxlaw.com;r64271@notify.bestcase.com,alex@fairmaxlaw.com;davidiennajr64271@notify.bestcase.com
- Josiah L. Mason  jlmasontrustee@zoominternet.net, oh23@ecfcbis.com
- United States Trustee  (Registered address)@usdoj.gov

Via Regular United States Mail, postage pre-paid:

| | |
|---|---|
| Clint D. Hackney | Melissa J. Hackney |
| 69 Delafield Avenue | 69 Delafield Avenue |
| Ashland, OH 44805 | Ashland, OH 44805 |

              By:  */s/ Tiiara N. A. Patton*  .
                  Tiiara N. A. Patton (0081912)
                  Trial Attorney
                  United States Department of Justice
                  Office of the United States Trustee
                  Howard M. Metzenbaum U.S. Courthouse
                  201 Superior Avenue E, Suite 441
                  Cleveland, Ohio 44114
                  Phone: (216) 522-7800 ext. 250
                  Fax:  (216) 522-7193
                  Email: tiiara.patton@usdoj.gov