**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 07:30 PM May 14, 2018**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CLINT D. HACKNEY AND | ) | CASE NO. 17-62369 |
| MELISSA J. HACKNEY, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

    Now before the court is a motion to appear and show cause filed by the United States Trustee against attorney Aaron Kimbrell, counsel for Debtors. UST requests Mr. Kimbrell provide (1) an explanation for his failure to respond to a motion to dismiss, (2) an accounting of the fees charged in this case, and (3) a response related to their request for disgorgement of his fees. Mr. Kimbrell filed a response and appeared, with Tiiara Patton, trial attorney for UST, at a hearing held on April 30, 2018.

    The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to issue final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. The following constitutes the court's findings of fact and conclusions of law under Bankruptcy Rule 7052.

    This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

# FACTS

The salient facts are not in dispute. Debtors filed a joint chapter 7 case on October 26, 2017. The means test demonstrated that they were above-median debtors and that the presumption of abuse arose. They did not respond to question forty-three on the means test concerning "special circumstances that justify additional expenses or adjustments of current monthly income." They did file an affidavit averring Debtor Clint Hackney would be starting a new job and would be making significantly less ($750.00/week) and Debtor Melissa Hackney was unable to continue her employment because of health issues.

On December 26, 2017, UST presumptively deemed the case to be an abuse under § 707(b). Contemporaneously, UST e-mailed Debtors' counsel requesting information from Debtors by January 10, 2018. Debtors did not respond and UST made a follow-up request with a January 25, 2018 deadline. Although Debtors did respond, and provided documentation, the response was not timely. On January 25, 2018, UST filed a motion to dismiss and a motion to show cause. Debtors did not respond to the motion to dismiss and the court dismissed the case on February 28, 2018. Mr. Kimbrell responded to the show cause motion.

Form B2030, the Rule 2016(b) Disclosure of Compensation of Attorney for Debtor(s), shows Mr. Kimbrell received $752.00 for this case. Paragraph six provides for additional compensation for various services but Mr. Kimbrell denies that he billed for any post-confirmation services. In his response to the show cause motion, he also says he refunded $100.00 to Debtors because of a miscommunication regarding a 341 meeting. Consequently, the sum subject to disgorgement is $652.00.[1]

# DISCUSSION

The crux of the matter before the court is whether Mr. Kimbrell provided services valued at $652.00. Section 329(b) permits disgorgement of fees when the "compensation exceeds the reasonable value of any such services . . . to the extent excessive." Bankruptcy courts are charged with evaluating what is reasonable by looking at the facts of each case. Rittenhouse v. Eisen, 404 F.3d 395 (6th Cir. 2005); In re Smith, 436 B.R 476 (Bankr. N.D. Ohio 2010). Some facts that may be utilized are set forth in 11 U.S.C. § 330(a)(3), which instructs a court to "consider the nature, the extent and the value of such services, taking into account all relevant factors." The burden of proof rests with the attorney. Thomas v. Robinson (In re Robinson), 189 Fed.App'x 371, 374 (6th Cir. 2006) (unpublished) (citing In re Geraci, 138 F.3d 314, 318 (7th Cir. 1998)).

The first two considerations in § 330(a)(3), time and rate, comprise the basis of the lodestar method, a presumptive benchmark of reasonableness. In re Nichols, 2007 WL 4553900 (Bankr N.D. Ohio 2007) (citing In re Boddy, 950 F.2d 334, 337-38 (6th Cir. 1991)). The lodestar amount factors the 'attorney's reasonable hourly rate by the number of hours reasonably expended.' In re Boddy, 950 F.2d 334, 337 (citations omitted). Upon calculating the lodestar,

---

1 If this is incorrect, a party may seek leave for an amendment.

the court can consider adjustments based on numerous other factors, including

> (1) the time and labor required; (2) the novelty and difficulty of the question; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Geier v. Sundquist, 372 F.3d 784, 792 (6th Cir. 2004) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

Mr. Kimbrell offered no evidence of his hourly rate or the hours he expended in this case, thereby failing to carry his burden of proof that his $652.00 fee is reasonable. In an abundance of fairness, the court will consider the record as a whole. Mr. Kimbrell argues the services he did provide, including preparation of the petition, representation at the 341 meeting of creditors, and his "zealous advocat[ion] . . . in rebutting the presumption of abuse by supplying the UST with extensive amounts of documents and information in response to, what were in counsel's opinion, overbroad and unduly burdensome requests" amply supports the $652.00 fee. The court rejects this contention.

The complication is that, on the facts of this case, reasonableness is lacking. Mr. Kimbrell filed a case for above-median debtors. Since the presumption of abuse arose, rebuttal was necessary. Mr. Kimbrell anticipated this, evidenced by the "special circumstance" affidavit. In spite of this, he failed to file a response to the motion to dismiss, resulting in dismissal of the case by default. The court finds this decidedly unreasonable. The failure to defend the motion to dismiss, which was a likely outcome in this case, is baffling at best and at worst, a potential violation of ethical duties of representation.

Generally, an hourly rate reflects the quality of representation. Blum v. Stenson, 104 S.Ct. 1541, 1549 (1984). While quality may not always equal results, quality does require a showing of effort. Mr. Kimbrell's efforts in this case appear inadequate. Consequently, the court cannot find that any rate he would charge is reasonable. Similarly, the failure to defend the motion to dismiss negates any work he did in filing the petition because it left Debtors unable to obtain the benefit of a discharge and a fresh start, the purpose of the filing. The court cannot compensate an attorney for "services that were not . . . reasonably likely to benefit the debtor's estate." 11 U.S.C. § 330(a)(4)(A)(ii)(II). As a result, any hours expended were unreasonable.

Since the court cannot determine a reasonable hourly rate or a reasonable hourly expenditure of time, it cannot calculate a lodestar amount. Even if the court could establish a baseline lodestar calculation, the lack of results in this case would warrant a downward

adjustment. Hensley v. Eckerhart, 103 S.Ct. 1933 (1983) (discussing attorney fee award under 42 U.S.C. § 1988). The court finds that the services provided by Mr. Kimbrell lacked value and were not reasonable and orders him to disgorge the $652.00 he was paid to file this case.

Moreover, the court notes less injurious facts have provided a basis for disgorgement. Similar failures to respond to UST requests resulted in a fifty-percent (50%) reduction in fees for a debtor's counsel in a case where the debtor ultimately received a discharge. In re Nickerson, 2009 WL 1587160 (Bankr. N.D. Ohio 2009) (unpublished). Partial disgorgement was ordered for an attorney who failed to attend a hearing on a § 707(b) motion to dismiss even though he represented the debtors at a rescheduled hearing. In re Smith, 436 B.R. 476 (Bankr. N.D. Ohio 2010). The same mitigating factors are not present in this case.

An order granting the show cause motion and requiring disgorgement will be entered immediately.

#     #     #

**Service List:**

Clint D. Hackney
Melissa J. Hackney
69 Delafield Avenue
Ashland, OH 44805

Aaron T. Kimbrell
Fairmax Law
6100 Oak Tree Blvd, Suite 200
Independence, OH 44131

Tiiara N. A. Patton
United States Department of Justice
Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue East, Suite 441
Cleveland, OH 44114