UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

In re:  Chapter 7
 Case No. 17-62369
Clint D. Hackney and, Judge Russ Kendig
Melissa J. Hackney,

        Debtors.
_____/

## MOTION TO STAY PENDING APPEAL

Aaron Kimbrell ("Mr. Kimbrell"), pursuant to Fed. R. Bankr. P. Rule 8007, respectfully submits this motion to stay the Order of disgorgement entered by the Court on May 14, 2018, pending the outcome of an appeal of that Order. See In re: Clint Hackney, et al, CA No. 18-8016.

In support of this Motion, Mr. Kimbrell relies upon the below Brief in Support.

## BRIEF IN SUPPORT

## BACKGROUND

At issue is whether the entire amount (or any) of Mr. Kimbrell's attorneys' fees should be disgorged based on the dismissal of an above-median Debtors' Chapter 7 Bankruptcy.

The Court's opinion provides, in pertinent part:

> The complication is that, on the facts of this case, reasonableness is lacking. Mr. Kimbrell filed a case for above-median debtors. Since the presumption of abuse arose, rebuttal was necessary. Mr. Kimbrell anticipated this, evidenced by the "special circumstance" affidavit. In spite of this, he failed to file a response to the motion to dismiss, resulting in dismissal of the case by default. The court finds this decidedly

1

> unreasonable. **The failure to defend the motion to dismiss, which was a likely outcome in this case, is baffling at best and at worst, a potential violation of ethical duties of representation**.
>
> Generally, an hourly rate reflects the quality of representation. Blum v. Stenson, 104 S. Ct. 1541, 1549 (1984). **While quality may not always equal results, quality does require a showing of effort**. Mr. Kimbrell's efforts in this case appear inadequate. Consequently, the court cannot find that any rate he would charge is reasonable. Similarly, the failure to defend the motion to dismiss negates any work he did in filing the petition because it left Debtors unable to obtain the benefit of a discharge and a fresh start, the purpose of the filing. The court cannot compensate an attorney for "services that were not . . . reasonably likely to benefit the debtor's estate." 11 U.S.C. § 330(a)(4)(A)(ii)(II). As a result, any hours expended were unreasonable.

Opinion at p. 3.

As set forth below, the Court's opinion is based on a misunderstanding of the underlying facts (and otherwise invades the attorney-client sphere).

## **PERTINENT STANDARD OF LAW**

Federal Rule of Bankruptcy Procedure 8007(a)(1)(A) states that "…a party must move first in the bankruptcy court for the following relief…a stay of a judgment, order, or decree of the bankruptcy court pending appeal…."

The United States Supreme court has established a four-prong test for evaluating whether to grant a stay pending appeal in where a court must balance: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v. Braunskill, 481 U.S. 770, 775 (1987).

2

## ARGUMENT

### 1. There is a substantial likelihood Aaron Kimbrell will prevail on the issue presented on appeal.

As Mr. Kimbrell advised the Court during the show cause proceedings, counsel undertook various efforts on Debtors' behalf beyond filing the petition and appearing for the 341 meeting, including, without limitation, responding to invasive and unwarranted inquiries by the United States Trustee (e.g., requests for his employer's gross receipts, post-petition paystubs from Debtor Clint Hackney's new employer, and projected earnings).

**Further, <u>Debtors</u> instructed Mr. Kimbrell not to respond to the motion to dismiss based in part on intrusive, voluminous requests for information by the United States Trustee directed at both Debtor Clint Hackney and the Debtor's employer.** <u>See</u> also Ex. 1, Transcript at 3:10-12 and 5:4-6 (acknowledging Debtors decided not to respond to motion to dismiss).

Mr. Kimbrell is **<u>ethically</u>** bound to adhere to his **<u>client's instructions</u>**.

Accordingly, disgorgement (or any sanction) is inappropriate and an abuse of discretion. At a minimum, disgorgement of the entire fee is also an abuse of discretion.

### 2. Irreparable Harm.

The Order to disgorge attorneys' fees to the Debtor, not being stayed pending the appeal would irreparably injure Aaron Kimbrell. Aaron Kimbrell will be forced to pay the $652.00 to the Debtors, which is a clearly calculable economic loss. If Aaron Kimbrell is later successful on appeal, he will in turn be forced to attempt to collect his

earned attorney fees once again from the Debtors, and will have in essence been forcibly turned into the Debtors' creditor by this Court.

### 3. The requested stay will not substantially harm other parties.

The United State Trustee and the Debtors are the other parties to this matter. The United State Trustee is not harmed if the stay is granted as the relief only has a plausible effect on Aaron Kimbrell and the Debtors. The Debtors will not be substantially harmed either, as the relief was not requested or sought by the Debtors themselves. The Debtors have never requested a refund of attorney fees.

If the Debtors did not request or anticipate that their attorney fees would be returned to them (or even want these), they are not substantially harmed by not receiving return of the fees before the pending appeal is heard.

### 4. Granting the requested stay will serve the public interest.

The Order at issue in this case applies uniquely to the facts in this matter and has minimal bearing on the public interest.

### CONCLUSION

For the foregoing reasons, Mr. Kimbrell respectfully requests that this Honorable Court enter a stay of the Order of disgorgement pending outcome of the appeal in this matter.

A proposed form of Order is submitted herewith.

4

Respectfully submitted,

/s/ Aaron Kimbrell
Aaron Kimbrell (0080406)
JAAFAR LAW GROUP PLLC
6100 Oak Tree Blvd, Suite 200
Independence, OH 44131
(888) 324-7629
akimbrell@fairmaxlaw.com

Dated: May 31, 2018

## **CERTIFICATE OF SERVICE**

I, Aaron Kimbrell, hereby certify that the foregoing Notice of Appeal was electronically transmitted on or about May 31, 2018, via the Court's CM/ECF system to the following who are listed on the Court's Electronic Mailing Notice List;

Alison Anne Gill on behalf of Creditor FIFTH THIRD BANK
alison.gill@ohiolaws.com, sara.weaver@ohiolaws.com

Cynthia A. Jeffrey on behalf of Creditor Ford Motor Credit Company LLC
bknotice@reimerlaw.com

Aaron T. Kimbrell on behalf of Debtor Clint D. Hackney and Melissa J. Hackney
akimbrell@fairmaxlaw.com,aaron@kimbrelllaw.com,paralegal1@fairmaxlaw.com;r64271@notify.bestcase.com,alex@fairmaxlaw.com;davidiennajr64271@notify.bestcase.com

Josiah L. Mason
jlmasontrustee@zoominternet.net, oh23@ecfcbis.com

Josiah L. Mason on behalf of Trustee Josiah L. Mason
jlmasontrustee@zoominternet.net, oh23@ecfcbis.com

Tiiara N. A. Patton ust401 on behalf of U.S. Trustee United States Trustee
tiiara.patton@usdoj.gov

s/Aaron Kimbrell
Aaron Kimbrell (0080406)