**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 03:19 PM June 5, 2018**

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| CLINT D. HACKNEY AND | ) | CASE NO. 17-62369 |
| MELISSA J. HACKNEY, | ) | |
| | ) | JUDGE RUSS KENDIG |
| Debtors. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

On May 14, 2018, the court ordered attorney Aaron T. Kimbrell, attorney for Debtors, to disgorge $652.00 in fees to Debtors. Mr. Kimbrell appealed the decision on May 28, 2018. Three days later, he filed a motion for a stay pending appeal under Federal Rule of Bankruptcy Procedure 8007. Although the motion indicates a proposed order was "submitted herewith," no order was presented.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. Pursuant to 11 U.S.C. § 1409, venue in this court is proper. Pursuant to Bankruptcy Rule 8007(a)(1)(A), the bankruptcy court is given authority to determine the stay pending appeal.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

## DISCUSSION

Mr. Kimbrell correctly outlines the appropriate test for review of a stay pending appeal. The court must balance four factors: "(1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will be irreparably harmed absent a stay; (3) the prospect that others will be harmed if the court grants the stay; and (4) the public interest in granting the stay. Michigan Coal. of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991) (citations omitted). As movant, Mr. Kimbrell bears the burden of proof by a preponderance of the evidence. In re Level Propane Gases, Inc., 304 B.R. 775 (Bankr. N.D. Ohio 2004) (citations omitted).

1. *Likelihood of success*

Mr. Kimbrell maintains that he is likely to prevail on his appeal, resulting in reversal of the disgorgement order. Disgorgement was based, in part, on Mr. Kimbrell's failure to respond to the United States Trustee's motion to dismiss. Citing two portions of the hearing transcript, Mr. Kimbrell now argues his clients instructed him not to respond to the motion and he was obligated to follow their instructions.

Mr. Kimbrell's current argument was not included in the response to the motion to disgorge, nor was it raised at hearing. In fact, Mr. Kimbrell repeatedly referenced his zealous and fair representation of Debtors in defending the motion to dismiss. (Response ¶ 17, ECF No. 39; Transcript 8:12-13, ECF No. 53). An appeal is not the time to raise new arguments or evidence. R.D.F. Dev., Inc. v. Sysco Corp. (In re R.D.F. Dev., Inc.), 239 B.R. 336, 340 (B.A.P. 6th Cir. 1999) (citation omitted).

The transcript statements cited by Mr. Kimbrell are not supportive and do not say what he claims they say. Mr. Kimbrell cites the Transcript at 3:10-12. Those lines contain no statement by Mr. Kimbrell. Rather, they are a breezy statement that the motion to dismiss was granted by default since no opposition was filed. This statement, made by counsel for the United States Trustee, proclaims "[t]he Debtors ultimately decided not to contest our motion to dismiss, which is why an order was entered dismissing their case." (Transcript 3:10-12, ECF No. 53) This points to the default nature of the dismissal order and does not provide a reason or motive for Debtors' lack of response. The second transcript section cited is even more unhelpful: "we miscalendared a 341 on the wrong – we both went to the wrong place. So we received a total of $652. We did not charge a single penny for the UST request." (Transcript 5:4-6)

In light of the above, the court concludes Mr. Kimbrell failed to demonstrate that he is likely to prevail on the merits of the appeal by a preponderance of the evidence.

2. *Likelihood of irreparable harm*

According to Mr. Kimbrell, forcing him to disgorge $652.00 before the appeal is determined is irreparable harm. If he is forced to disgorge the funds now, and his appeal is

successful, he would be forced to recollect the funds from his clients.

This simply does not rise to irreparable harm.

> Mere injuries, however substantial, in terms of money,
> time and energy necessarily expended in the absence of a
> stay, are not enough. The possibility that adequate com-
> pensatory or other corrective relief will be available at later
> date, in the ordinary course of litigation, weighs heavily
> against a claim of irreparable harm.
>
> In addition, the harm alleged must be both certain and imme-
> diate, rather than speculative or theoretical. In order to sub-
> stantiate a claim irreparable injury is likely to occur, a movant
> must provide some evidence that the harm has occurred in the
> past and is likely to occur again.

In re Gilbert, 541 B.R. 415, 418 (Bankr. E.D. Mich. 2015) (citing Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153-54 (6th Cir. 1991)). The potential harm is purely economic and does not rise to irreparable injury. This factor does not tend in Mr. Kimbrell's favor.

3. *Harm to others*

Under the third consideration, the court must consider the potential of harm to others if the stay is granted. Debtors are the most affected party by imposition of a stay, eliminating immediate access to the disgorged funds. Considering they were not involved in the underlying request for disgorgement, and they can recover the funds at a later date if the appeal is denied, the likelihood of harm to them if the court grants a stay is minimal.

4. *The public interest*

"The final factor considers 'the interest of third-parties who act in reliance of the bankruptcy court's ruling.'" In re 473 West End Realty Corp., 507 B.R. 496 (Bankr. S.D.N.Y. 2014) (citing Beneficial Homeowner Serv. Corp. v. Moreau (In re Moreau), 135 B.R. 209, 215 (N.D.N.Y. 1992)). Since third party reliance is unlikely on the facts of this case, a substantial public interest is not implicated.

Balancing the four factors, the court finds Mr. Kimbrell failed to prove by a preponderance of the evidence that a stay pending appeal is warranted. He is unlikely to succeed on the merits of the appeal and will not suffer irreparable injury if the stay is denied. While there is little likelihood of harm to others or the public interest with a stay, the interests of such third parties is nominal and therefore cannot tip the balance far enough to overcome the weight of the first two considerations. Consequently, the court will deny the motion for stay pending appeal by separate order to be entered immediately.

3

#         #         #

**Service List:**

Clint D. Hackney
Melissa J. Hackney
69 Delafield Avenue
Ashland, OH 44805

Aaron T. Kimbrell
Fairmax Law
6100 Oak Tree Blvd, Suite 200
Independence, OH 44131

Tiiara N. A. Patton
United States Department of Justice
Office of the United States Trustee
Howard M. Metzenbaum U.S. Courthouse
201 Superior Avenue East, Suite 441
Cleveland, OH 44114